FILED

2024 Dec-17  PM 03:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JUDY NOLEN,

      PLAINTIFF,

VS.                                                              CV NO.:

BIRMINGHAM JEFFERSON
COUNTY TRANSIT AUTHORITY,

      DEFENDANT.                                    JURY TRIAL DEMANDED

## COMPLAINT

### I.   JURISDICTION

1.     This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202 and 29 U.S.C. § 621 *et seq*.  This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, 626(d)(1), *et seq*. (ADEA).  The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

2.     This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, and 42 U.S.C. § 12101 *et seq*. This is a suit authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. (ADA). The jurisdiction of this Court is invoked to secure protection

for and to redress the deprivation of rights and Defendant's violation of the Acts and for injunctive relief and damages.

## II.   ADMINISTRATIVE AUTHORITY

3.   At all times relevant to this Complaint, Defendant has employed twenty (20) or more employees for twenty (20) or more calendar work weeks during 2021 and 2022.

4.   Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which raised claims of age discrimination, disability discrimination, and retaliation.  (Exhibit A).

5.   Plaintiff filed her Charge of Discrimination within 180 days of Defendant's decision to not hire Plaintiff.  (Exhibit A).

6.   Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC.  (Exhibit B).

## III.  PARTIES

7.   At all times relevant to this Complaint, Plaintiff Judy Nolen (hereinafter "Plaintiff") has been a resident of Calera, Shelby County, Alabama.  Plaintiff performed work for the Defendant in the counties composing the Northern District of Alabama, Southern Division during the events of this case.  Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District of Alabama, Southern Division.

8.    Defendant Birmingham Jefferson County Transit Authority (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to the service of process in Alabama.  Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 29 U.S.C. § 621(a)(2), and 42 U.S.C. § 12101, *et seq.* Therefore, this Court has personal jurisdiction over Defendant.

## IV.  STATEMENT OF FACTS

9.    Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 8 above.

10.    Plaintiff is over forty years of age.

11.    Defendant hired Plaintiff in 2006.

12.    On or about December 15, 2021, Plaintiff suffered a blood pressure episode and utilized a leave of absence by using her vacation and/or sick days on December 17 and 18, 2021.

13.    During the last week of December, after Plaintiff returned from the leave of absence connected to her blood pressure episode, Defendant's Chief Executive Officer, Charlotte Shaw, notified Plaintiff that it lacked funding for her position of Operations Coordinator and offered Plaintiff a demotion to Para-Transit Supervisor.

14.    On or about December 30, 2021, Plaintiff contacted Lewis to schedule an emergency vacation week due to the stress caused by the proposed change in her position.

15.    On or about December 30, 2021, Defendant's Chief of Staff Gerald Alfred telephoned and informed Plaintiff that "there is no such thing (i.e. emergency vacation week) in the book" and that he "expect[ed] to see [her] in [his] office" at 8:00 a.m. on January 3, 2022.

16.    On December 31, 2021, Plaintiff, expecting Alfred to terminate her employment, tendered her resignation to prevent her employment record being tarnished with an "involuntary termination" of employment.

17.    By resigning, Plaintiff remained eligible for re-hire with the Defendant at a future date.

18.    As of January 3, 2022, Plaintiff was sixty-three (63) years of age.

19.    On June 28, 2022, Plaintiff filed a Charge of Discrimination asserting that Defendant's actions in relation to the end of her employment were in violation of the Americans with Disabilities Act and the Age Discrimination in Employment Act.  (Exhibit C:  Charge No. 420-2022-02543).

20.    On or about July 6, 2022, Defendant received notice of Plaintiff's 420-2022-02543 Charge of Discrimination.

21. After Plaintiff's resignation, Defendant hired Stanley Lacey as Senior Operations Manager.

22. Lacey is believed to be somewhere between the age of forty-five (45) and forty-nine (49).

23. During late summer 2022, Lacey contacted Plaintiff by telephone.

24. Lacey informed Plaintiff that Defendant was short staffed, and he was calling all retirees to see if anyone wanted to return to work as a bus operator.

25. Plaintiff had not operated a full-size bus since 2008 or 2009.

26. Plaintiff had operated a para-transit bus from 2009 through the end of her employment.

27. Plaintiff informed Lacey that she could not come back as a full-size bus operator.

28. During November 2022, Plaintiff observed that Defendant had posted on Indeed.com a job opening for the position of "Lead Operations Supervisor (Fixed Supervisor)."

29. The Lead Operations Supervisor (Fixed Supervisor) position identified the same duties and responsibilities that Defendant required Plaintiff to perform when she worked as an Operations Coordinator.

30. On November 28, 2022, Plaintiff applied for the position of Lead Operations Supervisor (Fixed Supervisor).

31. Plaintiff then telephoned Lacey and discussed the position with him.

32. Plaintiff informed Lacey that, although it had been renamed, the Lead Operations Supervisor (Fixed Supervisor) identified the same duties and responsibilities that she had performed in the role of Operations Coordinator.

33. Plaintiff and Lacey discussed Plaintiff's experience in the position and her technological knowledge.

34. Lacey asked Plaintiff to complete the application and submit a resume.

35. Plaintiff notified Lacey that she had already applied, and he asked Plaintiff to submit the application again.

36. Once Plaintiff and Lacey ended the telephone call, Plaintiff resubmitted her application and a resume.

37. Once Plaintiff resubmitted her application and a resume, Defendant immediately rejected her application.

38. At the time Defendant rejected Plaintiff's application, it had received notice of Plaintiff's 420-2022-02543 Charge of Discrimination.

39. Plaintiff attempted to call Lacey back several times and left multiple voicemails.

40. Neither Lacey, nor any other employee from Defendant, returned Plaintiff's telephone call.

41. Defendant employed Allen Perdue.

42. Perdue reviewed applications for employment submitted to Defendant.

43. Perdue rejected some applications and accepted other applications for further employment interviews.

44. Upon information and belief, Allen Perdue rejected Plaintiff's application for the Lead Operations Supervisor (Fixed Supervisor) position.

45. Perdue had knowledge of Plaintiff's age and Plaintiff's previous need for absences related to medical care.

46. As of February 7, 2024, Defendant has not selected anyone for the Lead Operations Supervisor (Fixed Supervisor) position.

47. Defendant rehired Cicely Hunters to her former position after it terminated her employment due to a positive marijuana test result.

48. Hunters did not file a Charge of Discrimination.

49. Hunters is significantly younger than Plaintiff.

**V.      COUNT ONE – Age Discrimination (ADEA) – Failure to Hire**

50. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 49 above.

51. Defendant previously employed Plaintiff as an Operations Coordinator.

52. By resigning, Plaintiff remained eligible for re-hire with the Defendant at a future date.

53. On November 28, 2022, Plaintiff applied for the position of Lead Operations Supervisor (Fixed Supervisor).

54. Defendant immediately denied Plaintiff's application for employment.

55. As of February 7, 2024, Defendant has not selected anyone for the Lead Operations Supervisor (Fixed Supervisor) position.

56. At the time Defendant denied Plaintiff's application, Plaintiff was sixty-four (64) years of age.

57. Upon information and belief, Defendant re-hired Cicely Hunters.

58. Hunters is substantially younger than Plaintiff.

59. Defendant's actions in not re-hiring Plaintiff, while re-hiring employees under age 40, or otherwise re-hiring employees substantially younger than Plaintiff, was a violation of the ADEA.

60. Defendant's decision to deny Plaintiff's application for employment occurred, in whole or in part, because of her age.

61. As a result of Defendant's violation of ADEA, Plaintiff has been damaged, suffering loss of pay and benefits.

## VI. COUNT TWO - Americans with Disabilities Act – Failure-to-Hire

62. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 49 above as if fully set forth herein.

63. Defendant previously employed Plaintiff as an Operations Coordinator.

64. On or about December 15, 2021, Plaintiff suffered a blood pressure episode and utilized a leave of absence by using her vacation and/or sick days on December 17 and 18, 2021.

65. On December 31, 2021, Plaintiff resigned from her employment with Defendant.

66. By resigning, Plaintiff remained eligible for re-hire with the Defendant at a future date.

67. At the time of her blood pressure episode, Defendant employed Plaintiff as an Operations Coordinator.

68. On November 28, 2022, Plaintiff applied for the position of Lead Operations Supervisor (Fixed Supervisor).

69. Defendant immediately denied Plaintiff's application for employment.

70. Defendant's perceived Plaintiff to be disabled due to her previous blood pressure episode that occurred in December 2021.

71. Plaintiff is qualified for the position of Lead Operations Supervisor (Fixed Supervisor).

72. As of February 7, 2024, Defendant has not selected anyone for the Lead Operations Supervisor (Fixed Supervisor) position.

73. Upon information and belief, Defendant re-hired Cicely Hunters.

74. Hunters has no known health issues.

75.    Defendant's decision to deny Plaintiff's application for employment occurred, in whole or in part, because of her disability.

76.    As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VII.  COUNT THREE – Americans With Disabilities Act - Retaliation

77.    Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 49 and 62 through 76 above as if fully set forth herein.

78.    On June 28, 2022, Plaintiff filed a Charge of Discrimination asserting that Defendant's actions in relation to the end of her employment were in violation of the Americans with Disabilities Act.  (Charge No. 420-2022-02543).

79.    On November 28, 2022, Plaintiff applied for the position of Lead Operations Supervisor (Fixed Supervisor).

80.    Defendant immediately denied Plaintiff's application for employment.

81.    At the time Defendant denied Plaintiff's application for employment, it had received notice of her 420-2022-02543 Charge of Discrimination.

82.    As of February 7, 2024, Defendant has not selected anyone for the Lead Operations Supervisor position.

83. Defendant's decision to deny Plaintiff's application for employment occurred, in whole or in part, because she previously filed a Charge of Discrimination.

84. As a result of Defendant's violation of the Americans with Disabilities Act as amended, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VIII.   COUNT FOUR – Age Discrimination in Employment Act – Retaliation

85. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 49 and 60 through 61 above as if fully set forth herein.

86. On June 28, 2022, Plaintiff filed a Charge of Discrimination asserting that Defendant's actions in relation to the end of her employment were in violation of the Age Discrimination in Employment Act.  (Charge No. 420-2022-02543).

87. On November 28, 2022, Plaintiff applied for the position of Lead Operations Supervisor (Fixed Supervisor).

88. Defendant immediately denied Plaintiff's application for employment.

89. At the time Defendant denied Plaintiff's application for employment, it had received notice of her 420-2022-02543 Charge of Discrimination.

90. As of February 7, 2024, Defendant has not selected anyone for the Lead Operations Supervisor position.

91.     Defendant's decision to deny Plaintiff's application for employment occurred, in whole or in part, because she previously filed a Charge of Discrimination.

92.     As a result of Defendant's violation of the Americans with Disabilities Act as amended, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## IX.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Age Discrimination in Employment Act;

B.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Americans with Disabilities Act;

C.     Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she been hired;

D.      Award her back pay, together with employment benefits, front pay, liquidated damages (as the ADEA claims); emotional distress (as to the ADA claims) punitive damages (as to the ADA claims); special damages; nominal damages;

E.      Attorneys' fees and costs;

F.      Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. 621 *et seq.* and 42 U.S.C. 12101 *et seq.* that the actions of Defendant violated the law; and,

G.      Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

_____
Whitney Morgan Brown

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Birmingham, AL 35223
T: (205) 252-1550
ada@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANT'S ADDRESS:**
Birmingham Jefferson County Transit
Authority
1801 Morris Avenue
Birmingham, Alabama 35203